JUSTICE HUNT
delivered the Opinion of the Court.
The Madison School District No. 7 Trustees (trustees), and Nancy Keenan, Montana Superintendent of Public Instruction (state superintendent), appeal from an order of the First Judicial District Court, Lewis and Clark County, reversing the state superintendent’s decision concerning the termination of respondent, Hazel Marie Phillips, a Twin Bridges school teacher.
We affirm.
Did the District Court err when it reversed the state superintendent’s decision, which had reversed the county superintendent’s decision, on the grounds that the county superintendent considered evidence not available to the trustees?
In 1989, Phillips was a tenured English and Art teacher employed by the Madison School District for over 16 years. On or about January 3, 1989, the trustees passed a resolution declaring a school district financial emergency and authorized a ballot to consider a $103,020 emergency levy for the high school, and a $73,621 emergency levy for the elementary school. The voters defeated the levies. At a meeting on February 3, 1989, the trustees eliminated a number of programs *338 including the English/Art program. On February 23, 1989, the trustees submitted a second proposed set of emergency levies at $38,884 and $47,277, of which the voters approved. On March 1, 1989, the trustees informed Phillips of the school superintendent’s recommendation to eliminate her position in a reduction of force, due to the financial emergency. On March 22, 1989, at the hearing for Phillips and two other tenured teachers, the trustees voted to accept the school superintendent’s recommendation that Phillips’ teaching contract be terminated.
Phillips claimed that the school superintendent recommended her termination to the trustees because of a personality conflict between the two. On April 17, 1989, Phillips appealed the decision to the county superintendent. On October 24,1989, the county superintendent found that Phillips was unjustly terminated because of a personality conflict with the school superintendent, and not because of a financial emergency. On November 22, 1989, the trustees filed an appeal to the state superintendent who affirmed the county superintendent on November 30, 1990.
On December 28, 1990, the trustees filed a petition for judicial review in the Fifth Judicial District Court, Madison County. Subsequently, the parties determined that the record reviewed by the state superintendent was incomplete. On February 19, 1991, by agreement and stipulation of the parties, the court remanded the case to the state superintendent with orders to obtain and review all the evidence presented by the parties to the county superintendent.
On June 27, 1991, the state superintendent reversed her first decision by reversing the decision of the county superintendent. The state superintendent found that on October 24, 1989, the county superintendent improperly weighed financial information unavailable to the trustees on March 22, 1989, when they decided to accept the school superintendent’s recommendation that Phillips’ contract be terminated.
On August 27, 1991, Phillips filed a petition for judicial review in the First Judicial District Court, Lewis and Clark County, asking the court to reverse the final order of the state superintendent and to reinstate the order of the county superintendent. On December 10, 1992, the First Judicial District Court found that because the hearing with the county superintendent was de novo, the county superintendent properly could consider any information before her, including the financial evidence admitted at the hearing without objection by the trustees. Further, the court found that the county superinten *339 dent’s findings of fact were not clearly erroneous, and her conclusions of law were neither arbitrary nor capricious. Consequently, the District Court reversed the decision of the state superintendent and reinstated the county superintendent’s decision that had reversed the trustees’ decision to terminate Phillips’ contract.
On January 25, 1993, the trustees and state superintendent filed this appeal.
Did the District Court err when it reversed the state superintendent’s decision, which had reversed the county superintendent’s decision, on the grounds that the county superintendent considered evidence not available to the trustees?
We agree with the First Judicial District Court. The District Court properly upheld the county superintendent’s decision, after finding that it was supported by reliable, probative, and substantial evidence, and not clearly erroneous. Section 2-4-704(2)(a)(v), MCA. The court then properly determined that the hearing before the county superintendent was ahearing de novo. Johnson v. Beaverhead County High Sch. Dist. (1989), 236 Mont. 532, 771 P.2d 137; Yanzick v. School Dist. 23 (1982), 196 Mont. 375, 641 P.2d 431; Section 20-3-210(1) and (3), MCA. Because the county superintendent’s review is de novo, the county superintendent could review any relevant issues of law or fact before her at the time of the hearing.
The county superintendent’s findings of fact and conclusions of law reveal that in light of the trustees’ claim of a financial emergency, she considered financial data regarding the school district’s budget: “The Reserve account in the amount of $57,298.00 for the 1989-90 fiscal year was double the 1987-88 amount of $25,227.00 and triple the 1988-89 amount of $14,704.00.” At the hearing, Phillips introduced an exhibit into evidence dated July 24, 1989, containing the 1989-90 high school budget of $57,298.71, for the year beginning July 1,1989, and another financial summary dated August 2,1989. Both of these summaries post-date March 22,1989, the date on which the trustees voted to terminate Phillips’ contract.
We hold that the proceedings before the county superintendent were de novo proceedings and she could properly consider all relevant evidence presented to her.
We affirm the District Court.
JUSTICES HARRISON and TRIEWEILER concur.